UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BUCKLEY, BRADLEY SOUTER, JAMES EIDE, PATRICK KUUSELA, <br><br> Plaintiffs, <br><br> vs. <br><br> FASTENAL COMPANY, <br><br> Defendant. | 4:25-CV-04012-CCT <br><br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

This matter is before the Court on Plaintiffs', Christopher Buckley, Bradley Souter, James Eide, and Patrick Kuusela (collectively, "Plaintiffs"), motion to amend the complaint to add new causes of action for promissory estoppel and breach of the implied covenant of good faith and fair dealing. Docket 9. Defendant, Fastenal Company, opposes the motion. Docket 11. Plaintiffs have replied. Docket 13.

**BACKGROUND**

All claims in this action arise out of a Super Bowl contest (the "Contest") held by Defendant for its employees. Docket 1-1. Under the terms of the Contest, Defendant promised to award the winning team a free trip to the Super Bowl and to cover all related expenses for each team member and one accompanying guest per member. *Id.* ¶ 7. The total value of the trip and related expenses was approximately $25,000 per person. *Id.* During the 2024 contest,

1

Defendant initially reported Plaintiffs as the winning team. *Id.* ¶ 10. On December 11, 2024, however, Defendant retracted its announcement, accused Plaintiffs of cheating, and subsequently terminated their employment. *Id.* ¶ 11.

On December 20, 2024, Plaintiffs filed a complaint in South Dakota state court, asserting claims for wrongful revocation, false and wrongful termination, defamation, and punitive damages. Docket 1-1. On January 21, 2025, Defendant removed the action to the United States District Court for the District of South Dakota, Southern Division. Docket 1.

On March 18, 2025, the Court issued a Rule 16 scheduling order. Docket 6. The deadline to join additional parties and amend pleadings was set for May 30, 2025. *Id.* ¶ 4.

On June 13, 2025, fourteen days after the amendment deadline, Plaintiffs filed a motion to amend the complaint. Docket 9. The proposed amended complaint seeks to add claims for promissory estoppel and breach of the implied covenant of good faith and fair dealing. *Id.* Plaintiffs contend that "[t]he proposed additional claims arise from the same underlying facts as the original Complaint and are based on a stronger understanding of their legal viability that was developed through the ongoing discovery process." Docket 10 at 1. Plaintiffs maintain that they "did not intentionally delay or strategically withhold these claims" but, instead, sought "leave promptly upon determining" the claims should be asserted, "based on a more complete understanding of the case and the applicable legal framework." *Id.* at 2. Plaintiffs further assert that "Defendant's discovery objections have contributed to a slower progression of

2

discovery which further supports the lack of prejudice resulting from permitting amendment at this stage." *Id.*

On July 7, 2025, Defendant filed a memorandum in opposition, arguing that Plaintiffs cannot establish "good cause" because they have not identified any change in law or other justification for the untimely filing. Docket 11 at 7. Defendant further asserts that Plaintiffs failed to request a modification of the scheduling order prior to the amendment deadline. *Id.* According to Defendant, Plaintiffs' statements claiming they acted in good faith with reasonable diligence are vague, self-serving, and contradicted by the record. *Id.* at 7-8. Defendant disputes Plaintiffs' characterization of discovery delays, noting that Plaintiffs never raised any concerns about Defendant's discovery responses or objections before the May 30 deadline. *Id.* at 8.

On July 14, 2025, Plaintiffs filed a reply, reiterating their position that they acted diligently in seeking amendment. Docket 13. Plaintiffs state that they have accommodated Defendant's scheduling needs, including agreeing to a "two-week extension due to the unavailability of assisting counsel on paternity leave[.]" *Id.* at 2; Docket 14 ¶ 2; Docket 14-1. Plaintiffs further explain that the attorney assisting counsel was on maternity leave from May 2 through July 7, 2025, which required counsel to rely on a summer intern to conduct legal research on viable alternative claims under South Dakota law. Docket 13 at 2-3. According to Plaintiffs, that research concluded on June 9, 2025, and they "filed their motion four days later." *Id.* at 3. Plaintiffs maintain that they

3

"acted promptly upon reassessing the legal framework in the context of ongoing litigation." *Id.* at 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, parties do not have an absolute right to amend their pleadings at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A timely motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Streambend Props. II, LLC v. Ivy Tower Minneapolis*, LLC, 781 F.3d 1003, 1015 (8th Cir. 2015) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

When a Rule 15 motion is brought after the court-ordered deadline, the court must also apply the "good cause" analysis under Rule 16(b). *See Sherman*, 532 F.3d at 716 (finding the "good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order" (citation omitted)). "The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Id.* Scheduling orders issued pursuant to Rule 16(b) "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When a scheduling order is issued pursuant to Rule 16(b), the "schedule may be

4

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sherman*, 532 F.3d at 716 (cleaned up). At the same time, while Rule 16 orders are "blueprints for the trial," they should not be construed as "hoops of steel and may always be modified in the interest of the administration of justice." 6A Wright & Miller's Federal Practice & Procedure § 1527.1 n.3 (3d ed. 2010) (quoting *Sill Corp. v. United States*, 343 F.2d 411, 420 (10th Cir. 1965)).

The movant bears the burden of showing good cause exists, and "[e]ven then the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citation and internal quotation marks omitted). "The existence or degree of prejudice to the party opposing the modification may also be relevant under Rule 16(b), but a court need not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Roemen v. United States*, 4:19-CV-4006-LLP, 2021 WL 2351684, at *3 (D.S.D. June 9, 2021) (citing *Sherman*, 532 F.3d at 717). Indeed, courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman*, 532 F.3d at 717.

I.    **Good Cause**

   a. **Diligence**

Defendant argues that Plaintiffs cannot establish good cause because the relevant facts and legal theories were available to them prior to the May 30 deadline. In support of its position, Defendant relies on a decision from this district, *South Dakota Board of Regents v. Green Thumb Commodities, LLC*, 4:23-CV-04205-KES, 2025 WL 486943, (D.S.D. Feb. 13, 2025), in which the court declined to find good cause under Rule 16(b)(4). In *Green Thumb Commodities*, the plaintiff filed an amended complaint two days before the deadline to amend the pleadings but failed to either seek leave of court or obtain the opposing party's consent. *Id.* at *1. "On July 18, 2024, a day after the deadline to amend the pleadings, [the plaintiff] moved the court to accept the amended complaint that it filed on July 15, 2024." *Id.* The court denied the motion, noting that the plaintiff's "decision to file an amended complaint just before the deadline without a motion for leave to amend, a concomitant brief, or any argument as to good cause compels denial of its motion for leave to amend." *Id.* at *3.

The Court finds *Green Thumb* factually distinguishable. The central issue in that case was the plaintiff's failure to comply with procedural requirements, specifically Local Rule 7.1, the requirement to formally seek leave to amend, and the complete lack of allegations of changed circumstances or cause to amend. *Id.* at *2. No such procedural deficiencies or skeletal assertions are present here.

Defendant also cites several Eighth Circuit cases in which courts have affirmed the denial of leave to amend under Rule 16(b)(4) due to a lack of diligence by the moving party. However, the Court finds those cases to be distinguishable. For example, in *Hartis v. Chicago Title Insurance Company*, the court found that plaintiffs were not diligent because they waited nearly two years after the scheduling order deadline to seek amendment and that the delay reflected a deliberate, tactical choice to avoid the risk that the district court might deny class certification. 694 F.3d 935, 948-49 (8th Cir. 2012). In *Schenk v. Chavis* (*Schenk II*), the plaintiff filed a motion to amend two years after the applicable deadline and only after both the district court and the Eighth Circuit had pointed out deficiencies in the pleadings. 259 F. App'x 905, 906-07 (8th Cir. 2008) (upholding the district court's reasoning "that the failure to recognize the need for amended claims at an earlier date did not constitute good cause to excuse the untimeliness of his motion to amend"). In *Barstad v. Murray County*, the court affirmed the denial of leave to amend that was filed nearly two months after the deadline where the plaintiffs had known of the proposed claim for twenty-one months. 420 F.3d 880, 883 (8th Cir. 2005).

Unlike the movants in *Hartis*, *Schenk II*, and *Barstad*, Plaintiffs in this case moved to amend only fourteen days after the deadline to amend. They filed the motion less than six months after the case was initiated in state court, less than five months after removal to federal court, approximately eight

months before the close of discovery, and ten months before the deadline for dispositive motions (excluding motions in limine). *See* Docket 6.

Moreover, there is no evidence in the record that Plaintiffs deliberately delayed filing the motion. *See Nationwide Mut'l Ins. Co. v. Korzan*, CIV. 15-4124-KES, 2016 WL 4148242, at *3 (D.S.D. Aug. 4, 2016) (granting leave to amend nearly two months after the deadline, emphasizing that the defendants did not deliberately delay or act tactically). Rather, Plaintiffs attribute the delay to several factors: (1) their accommodation of Defendant's extension requests related to discovery production; (2) the unavailability of co-counsel due to maternity leave from May 2 through July 7, 2025, which left a summer intern responsible for researching the viability of potential claims; and (3) their evolving understanding of the applicable legal framework through the course of discovery. *See* Docket 10 at 2 (Plaintiffs affirmatively state that they "did not intentionally delay or strategically withhold these claims"); Docket 13 at 5 (same).

Similarly, there is no evidence that Plaintiffs seek to amend their complaint for tactical advantage. Plaintiffs explain that the amendment is an attempt to clarify that this is not a traditional employment case governed by at-will employment principles; it is a case based on distinct promissory and contractual obligations. Docket 13 at 8; *see Stafford v. Van Beek*, 4:20-CV-04147-KES, 2022 WL 375503, at *5 (D.S.D. Feb. 8, 2022) (noting that the "second amended complaint merely builds upon" the plaintiff's "original claim by fleshing out all the ways plaintiff believes defendant owed her a duty and all

8

the ways plaintiff believes defendant breached that duty of due care"); *Patrick v. Cowen*, CAUSE NO. 3:14-CV-782-RLM-CAN, 2015 WL 13668669, at *2 (N.D. Ind. Mar. 26, 2015) (finding the delay "understandable in light of" Rule 11(b)(2)-(3), "which obligates counsel to present the court with claims, defenses, and other legal contentions that are warranted by existing law and to ensure that any factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery)" (cleaned up)).

Here, the delay was minimal, there is no indication of dilatory motive, and Plaintiffs had previously stipulated to provide Defendant with a similar two-week extension. *See Stafford*, 2022 WL 375503, at *5 (noting that, given that the plaintiff agreed to stipulate to permit the defendant to amend his answer after the deadline to do so had passed, "it would be unjust to" deny the plaintiff's motion to amend, "even if plaintiff was 'somewhat dilatory'"). Therefore, the Court finds that Plaintiffs have demonstrated sufficient diligence under Rule 16(b)(4) to establish good cause.

### b. Prejudice

A secondary measure of good cause is "prejudice to the nonmovant resulting from modification of the scheduling order[.]" *Sherman*, 532 F.3d at 717 (holding undue prejudice should only be explored if the movant has been found diligent). "The burden of proving prejudice lies with the party opposing the motion." *Lillibridge v. Nautilus Ins. Co.*, Civ. No. 10-4105-KES, 2013 WL 870439, at *6 (D.S.D. Mar. 7, 2013) (citing *Roberson v. Hayti Police Dep't*, 241

F.3d 992, 995 (8th Cir. 2001)). "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing the amendment." *Roberson*, 241 F.3d at 995 (citation omitted). This prejudice to the nonmovant is weighed against the prejudice to the movant in not allowing the amendment. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citation omitted). The Eighth Circuit has said that "[m]otions that would prejudice the nonmoving party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy are particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (citation and internal quotations marks omitted).

The Court finds that allowing the amendment will not result in undue prejudice to Defendant. Defendant has not asserted that it would suffer any unfair prejudice from the addition of the proposed claims. The parties have over three months remaining before the close of discovery and approximately five months before the deadline for dispositive motions. Moreover, the proposed claims arise from the same underlying facts as alleged in the original complaint and are therefore unlikely to necessitate significant additional discovery. As the court in *Bell* explained, an abuse of discretion has generally been found when courts deny amendments "based on facts similar to the original complaint" but is "less likely" when "the late tendered amendments involve new theories of recovery and impose additional discovery requirements[.] 160 F.3d at 454 (citations omitted). Finally, the procedural posture of the case and the nature of

10

the amendments ensure that Defendant will have a full and fair opportunity to address the new claims before trial.

## II.  Futility

While Defendant does not make specific arguments regarding the futility of Plaintiffs' proposed claims, noting that its opposition to Plaintiffs' motion is "based on untimeliness and lack of good cause," it nevertheless states that Plaintiffs must establish that their new claims are not futile. Docket 11 at 5 n.3.

"An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this analysis, the court assumes all facts asserted "in the complaint to be true and construes all reasonable inferences from those facts" in a light most favorable to the nonmoving party. *Rochling v. Dep't of Veterans Affs.*, 725 F.3d 927, 930 (8th Cir. 2013) (citation omitted). The court may also "consider those materials that are necessarily

11

embraced by the pleadings." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (citation and internal quotation marks omitted). "Those materials include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

Because this case arises under diversity jurisdiction, this Court must apply South Dakota substantive law. *Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n.6 (8th Cir. 2007).

### a. Breach of the implied covenant of good faith and fair dealing

Under South Dakota law, "every contract contains an implied covenant of good faith and fair dealing that prohibits either contracting party from preventing or injuring the other party's right to receive the agreed benefits of the contract." *Nygaard v. Sioux Valley Hosps. & Health Sys.*, 731 N.W.2d 184, 193 (S.D. 2007) (cleaned up). "This covenant affords only contract remedies; there is no independent tort for its breach." *Taylor Equip., Inc. v. John Deere Co.*, 98 F.3d 1028, 1031 (8th Cir. 1996) (applying South Dakota law). In discussing this implied covenant, the South Dakota Supreme Court stated:

> The application of this implied covenant allows an aggrieved party to sue for breach of contract when the other contracting party, by his lack of good faith, limited or completely prevented the aggrieved party from receiving the expected benefits of the bargain. A breach of contract claim is allowed even though the conduct failed to violate any of the express terms of the contract agreed to by the parties.

*Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 841 (S.D. 1990) (citation omitted).

"The meaning of the covenant varies with the context of the conduct.

Ultimately, the duty 'emphasizes faithfulness to an agreed common purpose

and consistency with the justified expectations of the other party.'" *Nygaard*,

731 N.W.2d at 194 (citation omitted). "The implied obligation 'must arise from

the language used or it must be indispensable to effectuate the intention of the

parties.'" *Garrett*, 459 N.W.2d at 841 (citation omitted).

As a preliminary matter, accepting Plaintiffs' allegations in the complaint

as true, a contract existed between the parties. The South Dakota Supreme

Court has recognized the enforceability of unilateral contracts accepted

through performance by the offeree. *See Harms v. Northland Ford Dealers*, 602

N.W.2d 58, 61 (S.D. 1999). Defendant's announcement of the Contest

constituted an offer, which its employees could accept through performance. As

described in the Contest brochure, Docket 1-1 at 9-17, Plaintiffs accepted the

terms of the unilateral contract by achieving the highest score in accordance

with the stated rules. Defendant subsequently announced and confirmed that

Plaintiffs had earned the prize, thereby completing the acceptance through

performance.

Plaintiffs assert in their proposed amended complaint that, under South

Dakota law, every contract includes an implied covenant of good faith and fair

dealing. Docket 9-1 ¶ 21. Plaintiffs contend that Defendant breached this

"covenant by retroactively disqualifying [them] after publicly declaring them

[the] winners, based on vague or unpublished standards not present in the

Contest [r]ules." *Id.* ¶ 22. Plaintiffs further allege that Defendant "acted in bad faith and with the intent to deprive [them] of the benefit of the bargain[.]" *Id.* ¶ 23. They claim resulting damages, "including the value of the promised prize and expenses incurred in reasonable reliance on [Defendant's] confirmation of their win." *Id.* ¶ 24. Plaintiffs also seek punitive damages pursuant to SDCL § 21-3-2, alleging that Defendant's conduct was willful, wanton, and malicious. *Id.* ¶ 25.

Based on the pleadings, the Court finds that Plaintiffs' proposed claim for breach of the implied covenant of good faith and fair dealing is not futile. Upon review of the Contest brochure, the Court further finds that the brochure does not contain any express waiver of the implied covenant. Accordingly, the Court grants Plaintiffs' motion to amend with respect to their claim for breach of the implied covenant of good faith and fair dealing.

### b. Promissory estoppel

"Promissory estoppel may be invoked where a promisee alters his position to his detriment in the reasonable belief that a promise would be performed." *Garrett*, 459 N.W.2d at 848 (citation omitted). Assuming a promise is identified, the elements of promissory estoppel are: "1) the detriment suffered in reliance must be substantial in an economic sense; 2) the loss to the promisee must have been foreseeable by the promisor; and 3) the promisee must have acted reasonably in justifiable reliance on the promise made." *Id.*

Here, Plaintiffs, as an alternative to their breach of the implied covenant of good faith and fair dealing claim, allege that Defendant "made a clear and

definite promise by publicly announcing that Plaintiffs had won the . . . Contest
and were entitled to an all-expense-paid trip to the Super Bowl." Docket 9-1
¶ 27. Plaintiffs assert that Defendant's public announcement, along with
accompanying communications, "reasonably induced [them] to rely on [that]
promise, including by incurring expenses and making arrangements in
anticipation of the trip." *Id.* ¶ 28. Plaintiffs claim that their reliance was
"reasonable and foreseeable, given [Defendant's] own publication of the contest
scoring, public confirmation of the winners, and internal communication
confirming Plaintiffs as recipients of the prize." *Id.* ¶ 29. Plaintiffs further allege
that, despite having complied with the Contest rules and satisfying the
conditions necessary to receive the prize, Defendant ultimately denied them the
promised award—only after falsely accusing them of cheating in an effort to
justify its revocation of the prize. *Id.* ¶¶ 30-31. Plaintiffs contend that
"[i]njustice can only be avoided by enforcing [Defendant's] promise," and they
seek "reliance-based damages, including expenses incurred, value of the
promised prize, and other consequential losses proximately caused by their
justifiable reliance." *Id.* ¶ 32.

The Court finds that Plaintiffs have stated a plausible claim for
promissory estoppel on which relief may be granted. As discussed above,
Defendant's announcement identifying Plaintiffs as the winners constituted a
promise that they would receive the Super Bowl trip. *See Lau v. Behr Heat
Transfer Sys., Inc.*, 150 F. Supp. 2d 1017, 1022 (D.S.D. 2001) (applying South
Dakota law and noting an employer's "unilateral announcement of

compensation" or other incentive "may be treated as an offer subject to an employee's acceptance"). Further, Plaintiffs sufficiently allege that: (1) they incurred economic detriment in reliance on the promise; (2) their reliance was foreseeable by Defendant; and (3) their reliance was reasonable and justified under the circumstances. Accordingly, the Court grants Plaintiffs' motion to amend to include a claim for promissory estoppel.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Plaintiffs' motion to amend, Docket 9, is granted to the extent set forth herein.

Dated November 7, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE